[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8047
This action arises out of a motor vehicle accident which occurred about 11:00 a.m. on May 23, 1998 on Garden Street, near it:, intersection with Elm Street, in the City of New Haven. The plaintiff was operating a car owned by him in a northerly direction on Garden Street and had come to a stop at the corner of Elm and Garden in response to a flashing red overhead traffic light at the intersection. The defendant, Domingo G. Rogers Sr., was operating a large dump truck owned by the defendant City of New Haven and was stopped facing north at the west curb of Garden Street, and to the left side of the plaintiff. Rogers was employed by the City and was awaiting a call to pick up a load of street sweepings from a sweeper operating a few blocks away. He received a call and pulled out from the curb striking the driver's door of the plaintiff's car with the right front of the truck. Rogers was unable to see the car from his position in the truck and simply turned the truck into the car which was at a standstill.
The plaintiff has filed a three count complaint. The first count is directed at Rogers, the operator of the truck, in negligence. The second count is directed at the City of New Haven and alleges that the City must reimburse its employee, Rogers, for all damages awarded to the plaintiff pursuant to Section 7-465
of the Connecticut General Statutes. The third count alleges that the City is directly liable for all damages by virtue, of Section 52-557N of the Connecticut General Statutes.
On the first count, the court finds that the accident was caused by the negligence of Rogers in that he failed to keep a reasonable lookout, and in that he moved his truck from a parked position when it was not reasonably safe to do so. The defendants have j filed special defenses of contributor, v negligence and governmental immunity. The defendants have failed to prove any contributory negligence, and governmental immunity does not apply to Rogers.
The second count makes the same allegations of negligence as the first count and then adds the allegations which are necessary in making a claim that the City must reimburse Rogers for all damages awarded to the plaintiff pursuant to Connecticut General Statutes Section 7-465. The court finds that all the essential CT Page 8048 requirements of Section 7-465 either have been admitted or proven. With respect to the special defense of governmental immnunity, Section 7-465 specifically provides that "governmental immunity shall not be a defense to any action brought under this section." Accordingly, the City must reimburse Rogers for any damages awarded to the plaintiff on the first count.
The third count makes all of the allegations of the second count, except the reference to Section 7-465, and then adds a claim that the City is liable for the damages; caused to the plaintiff by the negligence of its employee, Rogers, pursuant to Section 52-557n of the Connecticut General Statutes. The court finds that the plaintiff has proven all of the essential requirements of Section 52-577n, that governmental immunity is not a defense to a claim brought under this statute, and therefore the City is liable for all damages caused by the negligence of Rogers.
Having found that Rogers is liable for all damages caused to the plaintiff under the first count, that the City is liable on the second count for reimbursement to Rogers for all such damages awarded on the first count, and that the City is directly liable on the third count for all damages caused to the plaintiff by Rogers, the court will now determine the damages to be awarded.
When the truck struck the driver's door of the car the door was pushed in striking the left side of the plaintiff. He immediately felt pain in his left shoulder, neck and back. He was removed from the car by the fire department and taken by ambulance to the Hospital of St. Raphael, where he was treated in the emergency room. X-rays of his ribs were negative for fractures, and he was released from the hospital after about three hours. After a few days the back pain subsided but the other symptoms continued and he consulted Dr. Acampora on May 30, 1996. He was diagnosed as having strains of the cervical and lumbo-sacral area and a strain of the left shoulder. All x-rays were negative with respect to any condition relating to this accident. He was directed to begin a course of physiotherapy to the cervical spine, lumbar spine and left shoulder, and was prescribed muscle relaxants and pain medication. He had four physiotherapy treatments and terminated all treatment about three weeks after the accident. While there was no evidence of a permanent disability, the plaintiff claims that he still has discomfort in his low back and left shoulder, particularly on cloudy or rainy days, and that the pain in his shoulder prevents CT Page 8049 him from doing certain housework. The plaintiff is sixty-six years old and has been retired for six years. There is no claim for lost earnings.
The collision caused $1,635.74 in damages to the plaintiffs car. Economic damages, consisting of ambulance, hospital and medical bills, total $2,188.40. Fair-and reasonable non-economic damages for pain and suffering are found to be $6,500.00. Therefore, total damages including property damage, economic damages and non economic damages are found to be $10,324.14 in favor of the plaintiff and against both defendants plus taxable costs.
Counsel are ordered to appear at 10:00 a.m. on Friday, July 17, 1998 in Courtroom 3A for a hearing to determine the amount of collateral source payments, if any. If counsel files a written stipulation with respect to collateral source payments prior to July 17, it will no. be necessary to appear.
William L. Hadden, Jr. Judge Trial Referee